# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, | | |
| *Plaintiff*, | | |
| v. | No. 1:24-cv-128 | |
| HIDDEN STAR, | | |
| *Defendant*. | | |

# VERIFIED COMPLAINT

1. Plaintiff, American Alliance for Equal Rights, brings this action under 42 U.S.C. §1981 against Defendant, Hidden Star, for declaratory relief, injunctive relief, and nominal damages.

2. "[R]acial discrimination is invidious in all contexts." *SFFA v. Harvard*, 600 U.S. 181, 214 (2023) (cleaned up). The Reconstruction Congress understood this when it passed the Civil Rights Act of 1866, which "prohibit[s] any racial discrimination in the making and enforcement of contracts against whites as well as nonwhites." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 288 (1976). Better known as §1981, this statute guarantees all Americans the "same right" to contract, 42 U.S.C. §1981(a), "protect[ing] the equal right of all persons … to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (cleaned up).

3. Hidden Star is flouting §1981, inking contracts with some races but not others. Under its Galaxy Grant Program, Hidden Star awards $2,750 to several contest-

1

ants. In exchange for a shot at $2,750, contestants must agree to pay a monthly membership fee; license their "User Content"; let Hidden Star use their name, image, and likeness; and more.

4. Eligibility for the contest depends on an applicant's race. The Galaxy Grant Program is "open only to persons" who are "a confirmable ethnic minority or female." Galaxy of Stars, *Terms & Conditions* (archived Feb. 2, 2024), perma.cc/386L-SH5A. So between two male applicants—one black and one white—the latter cannot apply because he is the wrong race.

5. This kind of rank discrimination was never lawful, even before *Harvard* held that colleges cannot use race in admissions. But in case Hidden Star needed a reminder, *Harvard* reaffirms that "[e]liminating racial discrimination means eliminating all of it." 600 U.S. at 206. No racial discrimination is benign: It always "demeans the dignity and worth" of every American "to be judged" by his or her race "instead of by his or her own merit and essential qualities." *Id.* at 220.

6. Because Galaxy Grants are contracts that discriminate on their face, they violate §1981.

7. The Alliance has members who are being excluded from the program because they are the wrong race. It is entitled to relief.

## PARTIES

8. The American Alliance for Equal Rights is a nationwide membership organization that is dedicated to ending racial classifications and racial preferences in America.

9. The Alliance was founded in 2021. It was approved by the IRS as a 501(c)(3) tax-exempt organization the same year. Edward Blum is the Alliance's president; Richard Fisher is its treasurer; and Wai Wah Chin is its secretary. The Alliance has more than 170 members, and its membership continues to grow.

10. The Alliance's members are actively involved in the organization and its affairs. Members voluntarily join the Alliance. They pay dues. They receive regular updates. And they offer input on the Alliance's litigation and other activities.

11. The Alliance has members who are ready and able to immediately apply for Hidden Star's current contest, which closes on March 31, 2024.

12. Hidden Star is a non-profit 501(c)(3) based in Austin, Texas. It created and runs the challenged program.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction under 28 U.S.C. §1331 because this case "aris[es] under the … laws … of the United States."

14. Venue is proper under 28 U.S.C. §1391 because Hidden Star "resides" in Austin and "a substantial part of the events" occurred in Austin.

# FACTS
## A. Hidden Star provides businesses with capital through the Galaxy Grant Program.

15. Hidden Star is an Austin-based nonprofit that "help[s] women and minority entrepreneurs." Hidden Star, *Homepage* (archived Feb. 2, 2024), perma.cc/JT9Q-7VKH. Hidden Star operates the "Galaxy of Stars," a website devoted exclusively to "minority and women entrepreneurs and business owners." Galaxy of Stars, *About Galaxy of Stars* (archived Feb. 2, 2024), perma.cc/5MSW-MQQU. Galaxy of Stars hosts the Galaxy Grants Program, which is operated "by Hidden Star." Galaxy of Stars, *Galaxy Grants* (archived Feb. 2, 2024), perma.cc/9SDV-4JHK. Hidden Star "conduct[s]" the program. *Terms & Conditions* (last updated Oct. 11, 2020), perma.cc/99ZF-W98J.

16. Hidden Star is currently operating the "Galaxy Grant Giveaway." *Galaxy Grants*. The "[d]eadline to enter is March 31st, 2024." *Id.* "[T]he winner(s) will be announced the following week." *Id.*

17. The Galaxy Grant Program offers contestants "a chance to win [a] $2,750 Galaxy Grant." *Id.* In exchange for a shot at $2,750, contestants must fill out the "Galaxy Grants Entry Form," "[a]gree to the Terms and Conditions of Galaxy of Stars," and "[c]reat[e] a Free Account at www.galaxyofstars.org." *Id.* To submit their entry form—and enter the contest—contestants must check a box, stating, "I agree to the terms and conditions." *Id.*

18. When contestants submit a "Galaxy Grants Entry Form," *id.*, they give up certain rights and agree to certain obligations:

19. First, contestants contract away the right to their name, image, and likeness. According to the program's terms and conditions, "[a]ny potential prize winner or grantee must agree to permit GalaxyofStars.org, Galaxy Directory, or Hidden Star to use their name, business name, and likeness in the announcement of their award, and in the promotion of future awards." *Terms & Conditions*. Contestants must also let "Hidden Star, GalaxyofStars.org, Galaxy Directory, Hidden Star Capital, or any related entity … use their name, business name, logo, [and] likeness to promote any Hidden Star et. al. services." *Id.*

20. Second, contestants must license away all their "User Content." Under the Program's terms, contestants "agree" to license anything they "post or otherwise make available on" Galaxy's site, granting "Galaxyofstars.org, Galaxyofstars.org's affiliates, and any sub-licensees" a "non-exclusive, irrevocable, royalty-free, worldwide, fully sub-licensable, perpetual right and license to use, copy, publicly perform, digitally perform, publicly display, and distribute User Content." *Id.* This license allows Galaxy to freely use contestants' "name, alias, and any other information" they provide. *Id.* This license also allows Galaxy "to prepare derivative works" that use a contestant's information and to "incorporate" the contestant's information "into other works." *Id.* Galaxy can "license," "copy," and "publicly display" a contestant's "information"—including their business information—"with or without attribution." *Id.*

21. Third, contestants must give Galaxy and its affiliates the right to send them "email[s]" and other "communication[s]." *Id.* "[A]pplying for a grant," the Program's terms explain, "constitutes an affirmative 'opt-in' and affirmation of [a contestant's] acceptance to receive such communications." *Id.* So when a contestant submits an application—and agrees to Galaxy's terms and conditions—they "consent to receive communications from Galaxyofstars.org." *Id.* Contestants also "consent to receive email[s] from" Galaxy's "partners and affiliates." *Id.*

22. Fourth, contestants are required to insulate Galaxy from certain liabilities. Contestants agree that Galaxy "shall not, under any circumstances, be liable to [them] for any indirect, incidental, consequential, special, or exemplary damages," including all damages "based on breach of contract [or] breach of warranty" claims. *Id.* Contestants also promise "to hold harmless and indemnify Galaxyofstars.org" and its affiliates for "any third-party claim arising from [their] use of the Site." *Id.* And when a contestant submits any "User Content"—which includes all the information in their contest-entry form and any communications on the Galaxy of Stars website—they agree to "defend, indemnify, and hold Galaxyofstars.org harmless for all claims resulting from [the] User Content [they] supply." *Id.*

23. Fifth, contestants must make a Galaxy-of-Stars account and pay a monthly membership fee. According to the Program's terms, contestants must "set up a Galaxy of Stars membership account prior to or concurrent with entering or participating in the contest." *Id.* Galaxy's application reiterates this point, notifying applicants that they

6

must "[c]reat[e] a Free Account at www.galaxyofstars.org," when "[s]ubmitting" an application. *Galaxy Grants*.

24. Although Galaxy claims that one of its accounts is "Free," *id.*, every account on its website costs money, meaning contestants must pay Galaxy to participate in its contest. When a user follows Galaxy's link to create "a Free Account," they are directed to Galaxy's homepage. *Id.* (citing www.galaxyofstars.org). Galaxy's homepage has a "Sign up" button in the top-right corner. *Homepage* (archived Feb. 2, 2024), perma.cc/BT56-3DV8. That button leads to a separate webpage, which offers only two account options. Users can select a "Galaxy Plus (Monthly)" account, which is "$7.99/month," and a "Galaxy Plus (Annually)" account, which is "$59.88/year." Galaxy of Stars, *Register* (archived Feb. 2, 2024), perma.cc/M6R5-S77X. The "Sign up" page does not include a free option—in fact, the word "free" doesn't appear anywhere on that page.

25. Other obligations remain, including an arbitration agreement, class-action waiver, and forum-selection clause. *E.g.*, *Terms & Conditions* (Contestants "agree that all disputes, claims, or causes of action arising from or related to [their] use of the Site will be resolved through binding arbitration."); *id.* (Contestants "agree that all disputes … shall be in an individual capacity and not as a plaintiff or class member in any purported class or representative proceeding."); *id.* (Contestants "agree to jurisdiction in Texas.").

## B. The Galaxy Grant Program excludes certain applicants based on race.

26. To participate in the Galaxy Grant Program—and have a chance at the $2,750—contestants must satisfy the following criteria. First, they must be "over 18 years of age." *Id.* Second, they must be "legal residents of the United States." *Id.* Third, they must "ow[n] a business … or conside[r] starting a business." *Id.* And fourth, they must be willing to "set up a Galaxy of Stars membership account prior to or concurrent with entering or participating in the contest." *Id.*

8

27. Contestants must also be "confirmable ethnic minorit[ies] or female[s]." *Id.* "[T]hese contests," Galaxy stresses, "are open only to … a confirmable ethnic minority or female." *Id.* Galaxy "reserve[s] the right to confirm the status and eligibility of any potential winner before making any award." *Id.* The "Galaxy Grants Entry Form" confirms these eligibility requirements, forcing every contestant to divulge his or her "Ethnicity" before applying. *Galaxy Grants*.



28. The rest of Galaxy's website reaffirms this racial requirement, stressing that the program is open only to "women and minority entrepreneurs." *Id.* "Our mission," the Program's website states, "is to help women & minority entrepreneurs." *Id.* A separate page echoes that sentiment, noting that "Galaxy Grants" are "for minority and women owned businesses." Galaxy of Stars, *FAQ* (archived Feb. 2, 2024), perma.cc/8ECB-K5MY. A tab on the same webpage asks: "Who is eligible?" *Id.* The answer: "minority and women entrepreneurs." *Id.*

9

29. Advertising for the Program—both from Galaxy and others—reiterates that only minorities and women can apply. "How do I Qualify," one website asks. Fundid, *Galaxy Grants* (archived Feb. 2, 2024), perma.cc/Z674-JVWY. The response: Be a "Minority or Women entrepreneu[r]." *Id.* Galaxy's advertising confirms this fact, stating that "Galaxy Grant[s] [are] Exclusively for Minority or Women owned Businesses." Another website makes the same observation, noting that the program is "[e]xclusively for minority and women entrepreneurs." Fundid, *Galaxy Grants*.



**C. The Program's racial exclusion injures the Alliance's members.**

30. The Alliance has members who are being harmed by Galaxy's racially discriminatory program, including Member A.

31. Member A is a member of the Alliance. The business he owns is also a member of the Alliance. Member A pays dues, believes in the Alliance's mission, and supports this lawsuit.

32. Member A is currently pseudonymous because he fears that Hidden Star, Galaxy of Stars, and their affiliates will hold his involvement in this lawsuit against him

when selecting a contest winner. Member A also fears reprisal from other businesses and the public.

33. Member A is ready and able to apply for the next Galaxy Grant but is ineligible because he is a white male, and thus not "a confirmable ethnic minority or female." *Terms & Conditions*.

34. Member A satisfies all the program's requirements aside from the racial one. Member A is over 18 years old. Member A is a legal resident of the United States. Member A owns a business. And Member A will create a Galaxy of Stars membership account—and pay the monthly membership fee—if a court orders Hidden Star to stop discriminating based on race.

35. Member A is the owner of a small consulting business that works primarily with non-profits. Member A's business is incorporated in Virginia, has a business license in Texas, and has at least one employee in Austin. Member A's business has worked with clients to decrease homelessness, increase access to daycare, and advance social justice.

36. Businesses like Member A's have won Galaxy Grants before, including one in late 2023. Facebook, *Galaxy of Stars* (archived Feb. 2, 2024), tinyurl.com/5eb4bvdm (environmental consulting).

37. If selected, Member A plans to spend the money on improving and expanding his business. Specifically, advertising and marketing.

# CLAIM FOR RELIEF
## Violation of the Civil Rights Act of 1866
## 42 U.S.C. §1981

38. The Alliance repeats and realleges each of its prior allegations.

39. Hidden Star is violating 42 U.S.C. §1981 by intentionally excluding certain applicants from contractual relationships because of their race.

40. Under §1981(a), "[a]ll persons within the jurisdiction of the United States shall have the same right … to make and enforce contracts … as is enjoyed by white citizens." *Id.*

41. Section 1981 covers private parties like Hidden Star. The Act applies to governmental and "nongovernmental" actors alike, §1981(c), "provid[ing] a cause of action for public or private discrimination based on race," *Jett v. Dall. Indep. Sch. Dist.*, 798 F.2d 748, 762 (5th Cir. 1986); *accord Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975). Section 1981 authorizes "both equitable and legal relief," including "damages." *Johnson*, 421 U.S. at 460.

42. Member A falls within §1981's ambit, whose "broad terms" bar discrimination "against, or in favor of any race." *McDonald*, 427 U.S. at 298. Titled "Equal rights under the law," §1981 "guarantee[s] continuous equality between white and nonwhite citizens," *Jam v. Int'l Fin. Corp.,* 139 S.Ct. 759, 768 (2019), by "protect[ing] the equal right of all persons … to make and enforce contracts without respect to race," *Domino's*, 546 U.S. at 474 (cleaned up). As the Fifth Circuit has said, "Section 1981 … forbids racial

discrimination in the making and enforcement of private contracts … whether the aggrieved party is black or white." *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981).

43. Hidden Star's program is a contract under §1981. "The term contract, as used in §1981, refers to a right in the promisee against the promisor, with a correlative special duty in the promisor to the promisee of rendering the performance promised." *Adams v. McDougal*, 695 F.2d 104, 108 (5th Cir. 1983) (cleaned up). Hidden Star's program falls within that definition, offering contestants a shot at $2,750 in exchange for their intellectual property; their name, image, and likeness; and a monthly subscription fee, among other things. Contests are a classic contract. *E.g.*, *Hampton v. Dillard*, 247 F.3d 1091, 1104 (10th Cir. 2001). Especially contests that require contestants to give up all those rights.

44. The program implicates a right that §1981 protects—the right to "*make* … contracts." 42 U.S.C. §1981(a) (emphasis added). "[A] contractual relationship need not already exist" to trigger §1981. *Domino's*, 546 U.S. at 476. Section 1981 "protects the would-be contractor along with those who have already made contracts." *Id*. So "defendants" can also be "liab[le] under §1981 when … they preven[t] individuals who 'sought to enter into contractual relationships' from doing so." *Id.* (quoting *Runyon v. McCrary*, 427 U.S. 160, 172 (1976)).

45. Hidden Star is intentionally discriminating against Member A. "[P]roof of a facially discriminatory … policy"—or even "a corporate decision maker's express[ed]

desire to avoid" contracting with members of a certain race—is "direct evidence of discriminatory intent." *Amini v. Oberlin Coll.*, 440 F.3d 350, 359 (6th Cir. 2006). Here, there's both. The Program "facially discriminat[es]" against white men. *Id.* And the firm's "corporate decision maker[s]" have expressed a "desire to avoid" contracting with white men. *Id.* The Alliance, therefore, "is not required to make further allegations of discriminatory intent or animus." *Juarez v. Nw. Mut. Life Ins.*, 69 F. Supp. 3d 364, 370 (S.D.N.Y. 2014).

46. Hidden Star cannot escape liability by letting white women apply. An employer cannot "discriminate against some employees on the basis of race," like white men, "merely because he favorably treats other members" of that race, like white women. *Connecticut v. Teal*, 457 U.S. 440, 455 (1982). "So long as the plaintiff's [race] was one but-for cause" of his exclusion, "that is enough." *Bostock v. Clayton Cnty.*, 140 S.Ct. 1731, 1739 (2020); *accord Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S.Ct. 1009, 1019 (2020).

## PRAYER FOR RELIEF

47. The Alliance respectfully asks this Court to enter judgment in its favor and against Hidden Star and provide the following relief:

   A. A declaratory judgment that Defendant's Galaxy Grant Program, as currently constituted, violates 42 U.S.C. §1981.

   B. A temporary restraining order and preliminary injunction barring Defendants from closing the current application period, selecting grant recipients, or enforcing the Galaxy Grant Program's racially discriminatory eligibility criteria.

C. A permanent injunction barring enforcement of Defendant's racially discriminatory eligibility criteria.

D. Nominal damages of $1.

E. Reasonable costs and expenses of this action, including attorneys' fees, under 42 U.S.C. §1988 and any other applicable laws.

F. All other relief that the Alliance is entitled to.

Dated: February 5, 2024

Adam K. Mortara*
  (TN Bar No. 40089)
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

Respectfully submitted,

/s/ *Cameron T. Norris*
Thomas R. McCarthy*
  (VA Bar No. 47154)
Cameron T. Norris
  (WD Tex. No. 91624)
  *Lead Counsel*
Gilbert C. Dickey
  (VA Bar. No. 98858)
R. Gabriel Anderson*
  (TX Bar No. 24129302)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com
gabe@consovoymccarthy.com

*pro hac vice forthcoming

# VERIFICATION

I, Edward Blum, declare as follows:

1. I am the President of the American Alliance for Equal Rights, the plaintiff here.

2. I have reviewed this complaint.

3. For the allegations within my personal knowledge, I believe them all to be true.

4. For the allegations not within my personal knowledge, I believe them all to be true based on my review of the cited policies and documents and based on my conversations with members of the American Alliance for Equal Rights, including Member A.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2024

_____

Edward Blum
President of American Alliance for Equal Rights